```
1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE NORTHERN DISTRICT OF TEXAS

3                        FORT WORTH DIVISION

4   UNITED STATES OF AMERICA,   ) CASE NO. 4:16-CR-213-A
                                )
5            Government,        )
                                ) FORT WORTH, TEXAS
6   VERSUS                      )
                                ) MARCH 3, 2017
7   JOSE PABLO MORALES (02),    )
                                )
8            Defendant.         ) 9:46 A.M.

9

10                          VOLUME 1 OF 1
                       TRANSCRIPT OF SENTENCING
11                BEFORE THE HONORABLE JOHN McBRYDE
                  UNITED STATES DISTRICT COURT JUDGE
12

13  A P P E A R A N C E S:

14  FOR THE GOVERNMENT:     MR. SHAWN SMITH
                            UNITED STATES DEPARTMENT OF JUSTICE
15                          NORTHERN DISTRICT OF TEXAS
                            801 Cherry Street, Suite 1700
16                          Fort Worth, Texas  76102-6882
                            Telephone:  817.252.5200
17
    FOR THE DEFENDANT:      MR. ROBERT O. JENKINS
18                          Law Office of Robert O. Jenkins
                            2001 Bryan Street, Suite 1905
19                          Dallas, Texas  75201
                            Telephone:  214.953.1919
20
    COURT REPORTER:         MS. DEBRA G. SAENZ, CSR, RMR, CRR
21                          501 W. 10th Street, Room 424
                            Fort Worth, Texas  76102
22                          Telephone:  817.850.6661
                            E-Mail: debbie.saenz@yahoo.com
23

24  Proceedings reported by mechanical stenography, transcript

25  produced by computer.
```

1                              **I N D E X**

2   **PROCEEDING**                                                **PAGE**

3   Court's Findings................................   04

4   Statements on Sentencing

5      By Mr. Jenkins...............................   04

6      By the Defendant.............................   05

7   Sentence of the Court...........................   06

8   Government's Motion to Dismiss..................   11

9   Court's Ruling..................................   11

10  Reporter's Certificate..........................   12

```
 1                    P R O C E E D I N G S
 2                 March 3, 2017 – 9:46 a.m.
 3           THE COURT:  Okay.  I'm next calling for sentencing,
 4   it's Number 4:16-CR-213-A.  There are two defendants in that
 5   case.  I'm going to call first defendant Jose Pablo Morales.
 6           And Mr. Smith's here for the government, and
 7   Mr. Jenkins is here for Mr. Morales.
 8           Mr. Morales, state your full name for the record.
 9           THE DEFENDANT:  Jose Morales, Jose Pablo Morales.
10           THE COURT:  You appeared before me on October 6,
11   2016, when you -- no, that's not the -- that's the date the
12   information was filed, the superseding information.
13           You appeared before me on October 20, 2016, when you
14   pleaded guilty to the offense charged by that superseding
15   information that the government filed on October 6, and, of
16   course, we're here today for sentencing based on the
17   conviction resulting from that plea of guilty.
18           Mr. Jenkins, did you and your client receive the
19   Presentence Report in a timely manner?
20           MR. JENKINS:  We did, Your Honor.
21           THE COURT:  How about the addendum?
22           MR. JENKINS:  Yes, Your Honor.
23           THE COURT:  And did the two of you read those items
24   and then discuss them with each other?
25           MR. JENKINS:  We did, Your Honor.
```

1          *THE COURT:*  Okay.  Okay.  There being no objections
2     to the Presentence Report, the Court adopts as the fact
3     findings of the Court the facts set forth in the Presentence
4     Report as modified or supplemented by the addendum, and adopts
5     as the conclusions of the Court the conclusions expressed in
6     the Presentence Report as modified or supplemented by the
7     addendum.
8          The Court concludes that the guideline imprisonment
9     range, had the defendant been charged with his true offense
10    conduct, would be a life sentence, but since the government
11    chose to charge him with something less than his true offense
12    conduct, it became -- the guideline imprisonment became the
13    statutory maximum of 480 months, so that becomes the guideline
14    sentence range; and the supervised release range is 4 to 5
15    years; the fine range is $50,000 to $5 million; and a special
16    assessment of $100 is mandatory.
17         Okay.  You can make whatever statement you would
18    like to make on behalf of your client, Mr. Jenkins.
19         *MR. JENKINS:*  Thank you, Your Honor.
20         Mr. Morales has, as we've noted, an extensive
21    criminal history, but he also has a diagnosis of being
22    bipolar.  He has -- since his incarceration, he's cooperated
23    in his case with the government.  He has accepted his
24    responsibility.
25         He has -- he's rededicated himself to his spiritual

1   life.  He has expressed a desire to be a good, law-abiding
2   citizen at the time he gets out.  He knows it's going to be a
3   lengthy time, but he is really desiring to get out in time to
4   still have a family and to assist his own family with their
5   business.  He understands everything he's done wrong, and he
6   would certainly never do anything of any illegal nature again.
7           So while we understand that the guideline range is
8   the maximum due to the severity of this case, we would ask
9   that you show some mercy on him and sentence him below that.
10  We believe a sentence of around 360 months would be more than
11  adequate to meet all the guidelines of sentencing and show
12  Mr. Morales the correct severity of this crime, but also give
13  him a chance to have a life following his incarceration.
14  Thank you.
15          *THE COURT:*  Mr. Morales, you have the right to make
16  any statement or presentation you would like to make on the
17  subject of mitigation, that is, the things you think the Court
18  should take into account in determining what sentence to
19  impose, or on the subject of sentencing more generally, and at
20  this time I'll invite you to do that.
21          *THE DEFENDANT:*  I just want to apologize to
22  everybody in the courtroom and everybody I affected as far as
23  society, and my family that is right here with me supporting
24  me, and I accept -- I know what I did was wrong, and I just
25  want to change and hopefully you'll show some mercy.  That's

```
 1   it, sir.
 2              THE COURT:  Okay.  Anything else?
 3              MR. JENKINS:  Nothing further, Your Honor.
 4              THE COURT:  Okay.  Well, a sentence within the
 5   guideline range, and, of course, that's 480 months here, is
 6   presumably a reasonable and appropriate sentence, and I
 7   haven't seen anything in this case that would cause me to
 8   believe that such a sentence should not be imposed.
 9              His criminal history is disturbing.  Well, it starts
10   when he was 15 years of age.  He was put in a boot camp at 15
11   for criminal trespass.  He was adjudicated a delinquent and
12   put on probation and then that probation was extended.
13              And then again when he was 15, he was charged with
14   resisting arrest, and he was put on probation, and that
15   probation was extended and finally was discharged.
16              Then at age 18, he was convicted of burglary of a
17   habitation, and he got a 5-year sentence of imprisonment.  And
18   then he was considered for boot camp in 2009, and he was
19   released from boot camp on probation, and then he violated his
20   conditions of probation and that was revoked.
21              And then again at age 18, he pleaded guilty to a
22   robbery.  Apparently he ran up behind a lady and grabbed her
23   purse from her shoulder and ran back and got in a vehicle.  He
24   got a sentence of 10 years of deferred adjudication probation,
25   and then he violated the conditions of that, and it was
```

1   revoked and he was found guilty, and then he got another
2   sentence of probation and it was revoked.
3          And then at age 20 again -- let's see, that was at
4   age 18.
5          At age 20, he pleaded guilty to fraudulent use and
6   possession of identification and was sentenced to 5 years
7   imprisonment after he pleaded guilty.  He was released on
8   parole and apparently served that sentence out.
9          Then again at age 20, he was convicted on a plea of
10  nolo contendere of assault causing a bodily injury.  He got a
11  fairly light sentence, 324 days.
12         Age 25 -- and that's getting pretty close to where
13  we are now -- he was convicted of possession of
14  methamphetamine, and that was on a plea of guilty.  He got a
15  suspended sentence of 5 years imprisonment, and there's a
16  motion to revoke that pending now.  Apparently there's an
17  allegation at least that he violated the conditions of that
18  probation.  Apparently that involved use of a pistol, as well
19  as possession of controlled substances.
20         Then at age 25 again, he was convicted of unlawful
21  possession of a firearm.  I guess that's the firearm I just
22  referred to, and he has the same history as far as sentence is
23  concerned that he had on the last one.  He pleaded guilty and
24  got a sentence of 5 years imprisonment, suspended for 5 years,
25  and then apparently is accused of violating a condition of

1  that probation, and that's led now to a revocation.
2              I don't know of any reason why the Court should not
3  follow the advisory guideline range, and so that's the
4  sentence I'm going to impose.  It's a sentence of 480 months
5  imprisonment, and that will be combined with a term of
6  supervised release of 4 years to start once the sentence of
7  imprisonment has been served.
8              That term of imprisonment is to be consecutive to
9  the sentences imposed in Case Numbers F-1460012-H and
10 F-1460011-H in the Dallas County Criminal Court -- District
11 Court Number 1; and the conditions of that supervised release,
12 I'll go over those in a minute; and then that would be
13 combined with a payment of a special assessment of $100.  Of
14 course, that will be payable immediately to the clerk of court
15 here in Fort Worth.
16             I believe a sentence of the kind I've described not
17 only is the advisory guideline sentence, but is a sentence
18 that properly and appropriately addresses all the statutory
19 factors the Court should consider in sentencing under 18
20 United States Code Section 3553(a).
21             So the Court's ordering and adjudging that the
22 defendant be committed to the custody of the Bureau of Prisons
23 to serve a term of imprisonment of 480 months, and that
24 sentence is to run consecutive to the sentences -- any
25 sentences imposed in the two Dallas County Criminal District

```
 1   Court cases I mentioned.
 2            I'm also ordering that the defendant serve a term of
 3   supervised release of 4 years, and that will start when he's
 4   completed his sentence of imprisonment.
 5            Now, the conditions of that supervised release will
 6   be the standard conditions that will be set forth in the
 7   judgment of conviction and sentence, and the following
 8   additional conditions:
 9            He shall not commit another federal, state, or local
10   crime.
11            He shall not unlawfully possess a controlled
12   substance.
13            He shall cooperate in the collection of DNA as
14   directed by the probation officer.
15            He shall participate in mental health treatment
16   services as directed by the probation officer until
17   successfully discharged, and those services may include
18   prescribed medications by a licensed physician, and he'll
19   contribute to the cost of those services at the rate of at
20   least $20 a month.
21            He shall refrain from any unlawful use of a
22   controlled substance and shall submit to one drug test within
23   15 days of release from imprisonment and at least two periodic
24   drug tests thereafter as directed by the probation officer.
25            He shall participate in a program approved by the
```

1    probation officer for treatment of narcotic or drug or alcohol
2    dependency that will include testing for the detection of
3    substance use, and he shall abstain from the use of alcohol
4    and all other intoxicants during and after completion of that
5    treatment, and he'll contribute to the cost of those services
6    at the rate of at least $20 a month.
7             I'm also ordering the defendant to pay a special
8    assessment of $100.  That's payable immediately to the United
9    States of America through the office of the clerk of court
10   here in Fort Worth.
11            Mr. Morales, you have the right to appeal from the
12   sentence I've imposed, if you're dissatisfied with it.  That
13   appeal would be to the United States Court of Appeals for the
14   Fifth Circuit.
15            You have the right to appeal in forma pauperis, that
16   means without any cost to you, if you were to qualify for it.
17   You also have the right to have the clerk of court file a
18   notice of appeal for you, and the clerk would do that
19   forthwith, if you specifically request it.
20            You and your attorney have been given a form that
21   outlines certain rights and obligations in reference to an
22   appeal.  If you haven't already done so, I want the two of you
23   to review that and be sure you understand it, and once both of
24   you are satisfied you understand it, I want both of you to
25   sign it return and to the court coordinator.

```
 1                   Has that been done, Mr. Jenkins?
 2                   MR. JENKINS:  It has been, Your Honor.
 3                   THE COURT:  Okay.  Let's see.  The government wants
 4      to move to dismiss something, I think.
 5                   MR. SMITH:  Yes, Your Honor, the indictment filed on
 6      September 7th, 2016, as to this defendant only.
 7                   THE COURT:  Is that the fourth superseding
 8      indictment filed in this case?
 9                   MR. SMITH:  Yes, Your Honor.
10                   THE COURT:  Okay.  And you want it dismissed only as
11      to this defendant?
12                   MR. SMITH:  Yes, Your Honor.
13                   THE COURT:  Okay.  I'll grant that motion.
14                   MR. JENKINS:  Thank you, Your Honor.
15                   THE COURT:  Okay.  The defendant's remanded to
16      custody, and you're excused, Mr. Jenkins.
17                   MR. JENKINS:  Thank you, Your Honor.
18                   (End of Proceedings)
19
20
21
22
23
24
25
```

```
 1                    REPORTER'S CERTIFICATE

 2         I, Debra G. Saenz, CSR, RMR, CRR, certify that the

 3   foregoing is a true and correct transcript from the record

 4   of proceedings in the foregoing entitled matter.

 5         I further certify that the transcript fees format

 6   comply with those prescribed by the Court and the Judicial

 7   Conference of the United States.

 8         Signed this 23rd day of August, 2018.

 9

10                         /s/ Debra G. Saenz

11                         DEBRA G. SAENZ, CSR, RMR, CRR
                           Texas CSR No. 3158
12                         Official Court Reporter
                           The Northern District of Texas
13                         Fort Worth Division

14

15   CSR Expires:       12/31/19

16   Business Address:  501 W. 10th Street, Room 424
                        Fort Worth, Texas  76102
17

18   Telephone:         817.850.6661

19   E-Mail Address:    debbie.saenz@yahoo.com

20

21

22

23

24

25
```